| **Fill in this information to identify the case**: |
|---|

United States Bankruptcy Court for the:

        Southern District of Texas
        (State)

Case number *(if known)*: _____  Chapter  **11**

☐ Check if this is an amended filing

Official Form 201
Voluntary Petition for Non-Individuals Filing for Bankruptcy     **04/20**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**      FTS International Services, LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

T.H.C. Gas LTD., Frac Tech Services LTD., Frac Tech Services LLC, FTS International Bonds, Inc.,
FTS International Production Solutions LLC, Industrial Compounding LLC,
Industrial Compounding INC., FTS International Proppants LLC,, Southern Precision Sands LLC,
Proppant Specialists LLC, Specialty SML LLC, FTS International Logistics LLC,
First Choice Trucking LLC, Vertex Solutions LLC, Condor Equipment & Sales INC.,
Frac Tech Finance INC., Frac Tech Services, Inc., Chem Source LLC, Frac Tech Chemical Company LLC, THC I Investments INC.

**3. Debtor's federal Employer Identification Number** (EIN)     <u>75-2897729</u>

**4. Debtor's address**

**Principal place of business**

777 Main Street
Number   Street

Suite 2900

Fort Worth   Texas   76102
City   State   Zip Code

Tarrant County
County

**Mailing address, if different from principal place of business**

Number   Street

P.O. Box

City   State   Zip Code

**Location of principal assets, if different from principal place of business**

Number   Street

City   State   Zip Code

**5. Debtor's website** (URL)     http://ftsi.com/

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 1

| Debtor | **FTS International Services, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 7. | Describe debtor's business | A. *Check One:* |
|---|---|---|
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>**2111 (Oil and Gas Extraction)** |

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check One:* |
|---|---|---|
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☒ Chapter 11. *Check all that apply:* |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☒ A plan is being filed with this petition. |
| | | ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? | ☒ No<br>☐ Yes. | District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|---|---|---|
| | If more than 2 cases, attach a separate list. | | District | | When | MM/DD/YYYY | Case number | |

| | | |
|---|---|---|
| Debtor | **FTS International Services, LLC** | Case number *(if known)* |
| | Name | |

| | | | | |
|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor **See Rider 1**<br>District **Southern District of Texas**<br>Case number, if known _____ | Relationship<br><br>When | **Affiliate**<br><br>**09/22/2020**<br>MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____
City                                    State    Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information**[2]

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

1   The Debtors engage in oilfield services related to the exploration, development, and production of oil and natural gas. Certain debtors possess or operate certain real properties where environmental remediation and similar obligations may be ongoing. The Debtors note that the term "imminent and identifiable hazard" is not defined in this form; however the Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

2   The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 3

| Debtor | FTS International Services, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**14. Estimated number of creditors**
- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☒ 200-999
- ☐ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated assets**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **09/22/2020**
MM/ DD / YYYY

× **/s/ Lance Turner**     **Lance Turner**
Signature of authorized representative of debtor     Printed name

Title **Chief Financial Officer**

**18. Signature of attorney**

× **/s/ Brian Schartz**     Date **09/22/2020**
Signature of attorney for debtor     MM/DD/YYYY

**Brian Schartz**
Printed name

**Kirkland & Ellis LLP**
Firm name

**609 Main Street**
Number     Street

**Houston**     **Texas**     **77002**
City     State     ZIP Code

**(713) 836-3600**     **brian.schartz@kirkland.com**
Contact phone     Email address

**24099361**     **Texas**
Bar number     State

| | |
|---|---|
| **Fill in this information to identify the case**: | |
| United States Bankruptcy Court for the: | |
| **Southern District of Texas** | |
| (State) | |
| Case number *(if known)*: _____  Chapter  __11__ | |

☐ Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

       On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of FTS International. Inc.

| |
|---|
| FTS International, Inc. |
| FTS International Manufacturing, LLC |
| FTS International Services, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FTS INTERNATIONAL SERVICES, LLC, | Case No. 20-_____ (___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| FTS International Services, LLC | FTS International, Inc. | 777 Main Street, Suite 2900 Fort Worth, Texas 76102 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTS INTERNATIONAL SERVICES, LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| FTS International, Inc. | 100% |

Fill in this information to identify the case:
Debtor name: FTS International, Inc. *et al*.
United States Bankruptcy Court for the: Southern District of Texas
Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK N.A.<br>GLOBAL CORPORATE TRUST SERVICES<br>1349 W. PEACHTREE STREET, NW, SUITE 1050<br>ATLANTA, GA 30309 | ATTN: MURIEL SHAW<br>TITLE: ASSISTANT VICE PRESIDENT<br>PHONE: 404-975-4884<br>FAX: 404-898-8844 | 2022 SENIOR NOTES DEFICIENCY CLAIM | CONTINGENT, UNLIQUIDATED | | | $215,282,531 |
| 2 | WILMINGTON SAVINGS FUND SOCIETY, FSB<br>500 DELAWARE AVENUE<br>WILMINGTON, DE 19801 | ATTN: PATRICK HEALY<br>TITLE: SENIOR VICE PRESIDENT<br>PHONE: 888-973-7226<br>EMAIL: ADMINAGENCYMO@WSFSBANK.COM OR PHEALY@WSFSBANK.COM | 2021 TERM LOAN DEFICIENCY CLAIM | CONTINGENT, UNLIQUIDATED | | | $38,416,171 |
| 3 | MISSISSIPPI SAND<br>24275 KATY FREEWAY, SUITE 600<br>KATY, TX 77494 | ATTN: DON MERRIL<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 800-243-7500<br>EMAIL: MERRIL@USSILICA.COM | CONTRACT LIABILITY | | | | $10,000,000 |
| 4 | TARGET LOGISTICS MANAGEMENT<br>2170 BUCKTHORNE PL., STE 440<br>THE WOODLANDS, TX 77380-1794 | ATTN: ERIC KALAMARAS<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 281-362-5397<br>EMAIL: EKALAMARAS@TARGETHOSPITALITY.COM<br>FAX: 281-362-5435 | TRADE PAYABLE | CONTINGENT, UNLIQUIDATED | | | $505,527 |
| 5 | A&W ENERGY LLC<br>1301 FORUM WAY S<br>FORT WORTH, TX 76140 | ATTN: BEN ALLEN<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 817-704-7346<br>EMAIL: BEN.ALLEN@AW.ENERGY | TRADE PAYABLE | | | | $489,189 |
| 6 | STEAGALL OIL CO OF TEXAS<br>3000 N SYLVANIA AVE<br>FORT WORTH, TX 76111 | ATTN: DAVID B STEAGALL<br>TITLE: VICE PRESIDENT<br>PHONE: 817-831-6722<br>EMAIL: DAVIDSTEAGALL@STEAGALLOIL.COM<br>FAX: 817-831-6975 | TRADE PAYABLE | | | | $393,280 |
| 7 | TRUCKPRO INC<br>1900 CHARLES BRYAN, SUITE 100<br>CORDOVA, TN 38016 | ATTN: STEVE MARTIN<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 901-252-4200<br>EMAIL: STEVE.MARTIN@TRUCKPRO.COM | TRADE PAYABLE | | | | $342,465 |
| 8 | ENERGY SERVICES GROUP, INC<br>141 LONGWATER DR., STE 113<br>NORWELL, MA 02061 | ATTN: MATTHEW HIRST<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 781-347-9000<br>EMAIL: MATTHEW.HIRST@UTILIGROUP.COM<br>FAX: 781-871-0792 | TRADE PAYABLE | | | | $308,841 |
| 9 | UTE INDIAN TRIBE<br>P.O. BOX 190<br>FORT DUCHESNE, UT 84026 | ATTN: BRUCE PARGEETS<br>TITLE: ASSISTANT DIRECTOR<br>PHONE: 435-828-7032<br>EMAIL: BPARGEETS@UTETRIBE.COM | TRADE PAYABLE | CONTINGENT, UNLIQUIDATED | | | $289,756 |
| 10 | KEMPER VALVE & FITTINGS CORP<br>3001 DARRELL RD<br>ISLAND LAKE, IL 60042 | ATTN: BRETT MAHLMAN<br>TITLE: CONTROLLER<br>PHONE: 847-526-2166<br>EMAIL: BRETT.MAHLMAN@KEMPERVALVE.COM<br>FAX: 847-526-2241 | TRADE PAYABLE | | | | $193,852 |
| 11 | ENERGY PRODUCTS<br>1551 E LINCOLN AVE STE 101<br>MADISON HEIGHTS, MI 48071-4159 | ATTN: KURT SMITH<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 248-545-7700<br>EMAIL: KHSMITH@ENERGYPROD.COM<br>FAX: 248-414-1863 | TRADE PAYABLE | | | | $173,209 |
| 12 | STAG INDUSTRIAL<br>ONE FEDERAL ST., 23RD FL<br>BOSTON, MA 02110 | ATTN: BENJAMIN S BUTCHER<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 617-574-4777<br>EMAIL: BBUTCHER@STAGINDUSTRIAL.COM | TRADE PAYABLE | | | | $149,068 |
| 13 | MIDCENTRAL EQUIPMENT<br>50106 STATE HWY 210<br>HENNING, MN 56551 | ATTN: NATHAN THALMANN<br>TITLE: PRESIDENT / OWNER<br>PHONE: 218-583-2931<br>EMAIL: MCEQUIP@ARVIG.NET<br>FAX: 218-583-2932 | TRADE PAYABLE | | | | $147,773 |
| 14 | PENN MACHINE<br>201 BETHEL AVE<br>ASTON, PA 19014 | ATTN: JOE PRO<br>TITLE: PRESIDENT<br>EMAIL: JOEP@PENNUSA.COM<br>FAX: 610-497-3325 | TRADE PAYABLE | | | | $133,650 |

Official Form 204                                                                                                                                                    Page 1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | SPM FLOW CONTROL INC<br>7601 WYATT DR<br>FORT WORTH, TX 76108-2530 | ATTN: GRAHAM VANHEGAN<br>TITLE: CHIEF LEGAL OFFICER<br>PHONE: 817-246-2461<br>EMAIL: GRAHAM.VANHEGAN@WEIR.CO.UK | TRADE PAYABLE | | | | $102,101 |
| 16 | M&D DISTRIBUTORS<br>7902 FM 1960 BYPASS W<br>HUMBLE, TX 77338 | ATTN: DREW ROBERTS<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 713-928-5686<br>EMAIL: DREW.ROBERTS@FWCAZ.COM<br>FAX: 713-928-8154 | TRADE PAYABLE | | | | $100,460 |
| 17 | GARDNER DENVER PETROLEUM PUMPS<br>785 GREENS PARKWAY, SUITE 225<br>HOUSTON, TX 77067 | ATTN: EDWARD BAYHI<br>TITLE: VP AND GENERAL MANAGER<br>PHONE: 814-742-9600<br>EMAIL: EDWARD.BAYHI@GARDNERDENVER.COM | TRADE PAYABLE | | | | $95,268 |
| 18 | CERTIFIED LABORATORIES<br>65 MARCUS DR<br>MELVILLE, NY 11747 | ATTN: STEVEN MITCHELL<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 516-576-1400<br>EMAIL: SMITCHELL@800CERTLAB.COM<br>FAX: 631-396-0983 | TRADE PAYABLE | | | | $94,086 |
| 19 | TEXAS AIR HYDRAULIC<br>251 S EASTMAN RD<br>LONGVIEW, TX 75602 | ATTN: JOHNNY WISDOM<br>TITLE: OWNER<br>PHONE: 903-757-8211<br>EMAIL: JWW@TXAH.COM | TRADE PAYABLE | | | | $91,354 |
| 20 | FMCTI CORPORATION<br>2929 WALNUT ST<br>PHILADELPHIA, PA 19104 | ATTN: ANDREW SANDIFER<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 215-299-6000<br>EMAIL: ANDREWSANDIFER@FMC.COM<br>FAX: 215-299-5998 | TRADE PAYABLE | | | | $78,287 |
| 21 | AMERUS OILFIELD SOLUTIONS<br>305 EAST 57TH ST<br>ODESSA, TX 79762 | ATTN: JERRY BATES<br>TITLE: PRESIDENT & CHIEF EXECUTIVE OFFICER<br>PHONE: 432-561-5521<br>EMAIL: JBATES@AMERUSOILFIELDSOLUTIONS.COM | TRADE PAYABLE | | | | $67,761 |
| 22 | FRAC PUMP PARTS<br>1222 S CEDAR RIDGE DR<br>DUNCANVILLE, TX 75137 | ATTN: DONALD O'CONNOR<br>TITLE: OWNER<br>PHONE: 775-557-8677<br>EMAIL: FRACPUMPPARTS@GMAIL.COM | TRADE PAYABLE | | | | $65,768 |
| 23 | WD PUMPCO, LLC<br>620 MARIETTA STREET<br>ZANESVILLE, OH 43701 | ATTN: ANDY GOSS<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 740-454-2576<br>EMAIL: ANDYGOSS@GOSSSUPPLY.COM | TRADE PAYABLE | | | | $64,866 |
| 24 | RESTREAM SOLUTIONS LLC<br>6011 W COURTYARD DR #300A<br>AUSTIN, TX 78730 | ATTN: WALKER RYAN<br>TITLE: DIRECTOR OF FINANCE<br>PHONE: 512-400-4191<br>EMAIL: WRYAN@RESTREAMSOLUTIONS.COM | TRADE PAYABLE | CONTINGENT, UNLIQUIDATED | | | $63,889 |
| 25 | TITANLINER LLC<br>4100 INTERNATIONAL PLAZA, SUITE #538<br>FORT WORTH, TX 76109 | ATTN: KEY SIMON<br>TITLE: VICE PRESIDENT OF FINANCE<br>PHONE: 432-210-6819<br>EMAIL: KEY.SIMON@TITANLINER.COM<br>FAX: 817-369-5929 | TRADE PAYABLE | | | | $59,128 |
| 26 | FLOW VALVE LLC<br>600 US-77 N<br>MARIETTA, OK 73448 | ATTN: JAKE FOSTER<br>TITLE: CHIEF OPERATING OFFICER<br>PHONE: 580-276-9400<br>EMAIL: JAKE.FOSTER@KERRLAB.COM | TRADE PAYABLE | | | | $58,957 |
| 27 | PARAMOUNT RENTAL SERVICES LLC<br>900 8TH STREET SUITE 1002<br>WICHITA FALLS, TX 76301 | ATTN: CURTIS WILSON<br>TITLE: MANAGING PARTNER<br>PHONE: 940-264-8379<br>EMAIL: CURTIS@PARAMOUNTRENTALSERVICES.NET | TRADE PAYABLE | | | | $56,718 |
| 28 | FLEETPRIDE<br>600 E. LAS COLINAS BLVD., SUITE 400<br>IRVING, TX 75039 | ATTN: KENNY WAGERS<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 469-249-7500<br>EMAIL: KENNY.WAGERS@FLEETPRIDE.COM | TRADE PAYABLE | | | | $52,623 |
| 29 | MINEPRO INC.<br>10201 WAYZATA BLVD<br>MINNETONKA, MN 55305 | ATTN: DAVID PENN<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 763-746-0410<br>EMAIL: DAVIDLPENN@COMCAST.NET | TRADE PAYABLE | | | | $50,832 |
| 30 | COVIA HOLDINGS CORPORATION<br>3 SUMMIT PARK DR., STE 700<br>INDEPENDENCE, OH 44131 | ATTN: ANDREW EICH<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 440-214-3284<br>EMAIL: ANDREW.EICH@COVIACORP.COM | TRADE PAYABLE & CONTRACT LIABILITY | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.

OMNIBUS RESOLUTIONS OF THE MEETINGS
OF THE BOARD OF DIRECTORS OF
FTS INTERNATIONAL, INC., ET AL.

**September 21, 2020**

The undersigned, being the requisite members of the respective board of directors, the sole member, or similar governing body (the, the "Board") of each of the entities listed on Annex I attached hereto (collectively, the "Company") hereby consent to taking the following actions and hereby adopt and approve the following resolutions by unanimous written consent, pursuant to the organizational documents of the Company and the laws of the states of Delaware and Texas, as applicable:

**Chapter 11 Filing**

**WHEREAS**, the Board has reviewed and considered presentations by the Company's authorized officers and representatives ("Management") and financial, restructuring, and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's businesses;

**WHEREAS**, on September 20, 2020, on valid corporate authority, the Company executed the second amended and restated restructuring support agreement (as may be amended, supplemented, or otherwise modified from time to time, the "Restructuring Support Agreement");

**WHEREAS**, the Board has reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of the Company soliciting acceptances of the prepackaged chapter 11 plan of reorganization (as may be amended, modified, or supplemented from time to time, the "Plan") contemplated in the Restructuring Support Agreement and the related disclosures (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement"); and

**WHEREAS**, the Board has had the opportunity to consult with Management and the Advisors of the Company, obtain additional information, and fully consider each of the strategic alternatives available to the Company, and the Board has determined that the following resolutions are in the best interests of the Company and their respective stakeholders.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized, empowered, and directed to file or cause to be filed voluntary petitions for relief (collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas or another court of proper jurisdiction (the "Bankruptcy Court"); and

**RESOLVED**, that the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Administrative Officer, the Senior Vice President, General Counsel, Secretary, or any

other duly appointed officer of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers of the Company be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ, for and on behalf of the Company, the law firm of Kirkland & Ellis LLP ("Kirkland") as legal counsel to the Company, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings and conducting any potential restructuring or sale process on behalf of the Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute and deliver appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ, for and on behalf of the Company, the law firm of Winston & Strawn LLP ("Winston") as co-counsel to the Company, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings and conducting any potential restructuring or sale process on behalf of the Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute and deliver appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Winston in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to employ the firm of Lazard Frères & Co., LLC ("Lazard") as the Company's financial advisor and investment banker; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute and deliver appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Lazard in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to employ the firm of Alvarez and Marsal North America, LLC ("A&M"), as the Company's restructuring advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute and deliver appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain A&M in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as the claims, noticing, solicitation, and administrative agent to represent and assist the Company in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Epiq in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed, for and on behalf of the Company, to execute appropriate retention agreements, to pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as any Authorized Officer deems necessary, desirable, or appropriate; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed, for and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professional advisors, and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such cases, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers.

### Cash Collateral and Adequate Protection

**RESOLVED**, that the Company will obtain benefits from the use of collateral, including cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders"), including the (i) term loan lenders party to that certain term loan agreement, dated as of April 16, 2014, by and among FTS International, Inc., as borrower, Wells Fargo Bank,

National Association (as succeeded by Wilmington Savings Fund Society, FSB), as administrative agent, and the lenders party thereto (as have been amended, amended and restated, or otherwise modified from time to time) and (ii) secured noteholders holding the 6.25% senior secured notes due May 2022, pursuant to that certain indenture dated as of April 16, 2014, with FTS International, Inc., as issuer and U.S. Bank National Association, as collateral agent and trustee (together with any successor collateral agent), and the guarantors party thereto (as have been amended, amended and restated, or otherwise modified from time to time);

**RESOLVED**, that to the extent applicable to the Company, the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and, to the extent applicable to the Company, any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute (under the common seal of the Company, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of Cash Collateral in connection with the Company's Chapter 11 Cases, which agreement(s) may require the Company to grant adequate protection and security interests to the Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute (under the common seal of the Company, if appropriate) and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his/her absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof; and

**RESOLVED**, that in order to use and obtain the benefits the use of Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Company's Secured Lenders, as documented in the Cash Collateral Order.

**The Restructuring Support Agreement and the Chapter 11 Plan**

**RESOLVED**, that the Board has determined in its business judgment that it is desirable and in the best interests of the Company, their creditors, and other stakeholders to enter into the second amended and restated Restructuring Support Agreement and to commence solicitation of the Plan, as attached to the Disclosure Statement, pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that the Company's performance of its obligations under the second amended and restated Restructuring Support Agreement and the solicitation of votes in favor of the Plan be and hereby is, in all respects, authorized and approved;

**RESOLVED**, that each of the Authorized Officers of the Company be, and each is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the second amended and restated Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases, and that the Company's performance of its obligations under the second amended and restated Restructuring Support Agreement hereby is, in all respects, authorized and approved;

**RESOLVED**, that each of the Authorized Officers of the Company has determined in its business judgment it is desirable and in the best interests of each of the Company, their creditors, and other stakeholders that the Authorized Officers file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

**RESOLVED**, that the Authorized Officers of the Company, acting alone or with one or more other Authorized Officers, be and they hereby are, authorized, empowered, and directed, together with the Advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan and Disclosure Statement; and

**RESOLVED**, that the Authorized Officers of the Company, acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

**General**

**RESOLVED,** that each of the Authorized Officers (and their designees and delegates) be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and, if applicable, file, or cause to be executed, acknowledged, delivered and, if applicable, filed any and all such other agreements, certificates, instruments, and other documents and to pay, or cause to be paid, all liabilities, fees, expenses, and costs, including, but not limited to, filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the performance of any such act, the execution, acknowledgement, delivery, and filing of any such agreement, certificate, instrument, or other document, and the payment of any such liability, fee, expense or cost;

**RESOLVED**, that the Company and the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

5

**RESOLVED**, that all acts, actions, and transactions taken, or caused to be taken, by any Authorized Officer of the Company and relating to the matters contemplated by the foregoing resolutions, in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions be, and each hereby is, ratified, confirmed, adopted, and approved in all respects as the true acts and deeds of the Company with the same force and effect as if each such act, actions, and transaction had been specifically authorized in advance by resolution of the Board;

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary, desirable, or appropriate in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transaction contemplated herein, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the execution; and

**RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent.

[*Signature pages follow*]

\*   \*   \*   \*   \*

6

IN WITNESS WHEREOF, the undersigned has executed and delivered this consent as of the date first written above.

**FTS INTERNATIONAL, INC.**

By: */s/ Domenic J. Dell'Osso, Jr.*
Domenic J. Dell'Osso, Jr.

By: */s/ Michael J. Doss*
Michael J. Doss

By: */s/ Michael C. Jennings*
Michael C. Jennings

By: */s/ Carol J. Johnson*
Carol J. Johnson

By: */s/ Goy Yong Siang*
Goy Yong Siang

By: */s/ Ong Tiong Sin*
Ong Tiong Sin

By: */s/ Ben Russ*
Ben Russ

By: */s/ John Vaske*
John Vaske

Signature Page to
Omnibus Written Consent

IN WITNESS WHEREOF, the undersigned has executed and delivered this consent as of the date first written above.

**FTS INTERNATIONAL MANUFACTURING, LLC**

By:  FTS International, Inc.
Its:  Sole Member

By: /s/ *Michael J. Doss* _____
Name:  Michael J. Doss
Title:  Chief Executive Officer

IN WITNESS WHEREOF, the undersigned has executed and delivered this consent as of the date first written above.

                                **FTS INTERNATIONAL SERVICES, LLC**

                                By:  FTS International, Inc.
                                Its:  Sole Member

                                By:__*/s/ Michael J. Doss*_____

                                Name:  Michael J. Doss
                                Title:  Chief Executive Officer

## **ANNEX I**

FTS International, Inc., a Delaware corporation

FTS International Manufacturing, LLC, a Texas limited liability company

FTS International Services, LLC, a Texas limited liability company

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | FTS International Services, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | Texas |

Official Form 202
**Declaration Under Penalty of Perjury for Non-Individual Debtors**            12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**09/22/2020**      ☒ **/s/ Lance Turner**
MM/ DD/YYYY        Signature of individual signing on behalf of debtor
                   **Lance Turner**
                   Printed name
                   **Chief Financial Officer**
                   Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors